UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FRESENIUS GRANUFLO/NATURALYTE
DIALYSATE PRODUCTS LIABILITY LITIGATION  MDL No. 2428

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the District of Massachusetts *Jones* action move to centralize this litigation in the District of Massachusetts. This litigation currently consists of eleven actions pending in seven district courts, as listed on Schedule A.[1] The actions arise from injuries or deaths allegedly caused by use of GranuFlo Acid Concentrate (GranuFlo) and NaturaLyte Liquid Acid Concentrate (NaturaLyte) during hemodialysis.

All responding parties support the motion, but disagree as to the transferee district. Movants, responding defendants,[2] and plaintiffs in seven actions or potential tag-along actions support transfer to the District of Massachusetts. A separate contingent of plaintiffs in thirty-one actions or potential tag-along actions in various districts suggest centralization in the Southern District of Mississippi. Plaintiffs in six potential tag-along actions in the District of New Jersey and the Eastern District of New York suggest centralization in the District of New Jersey. Another group of plaintiffs with three actions or potential tag-along actions in the Eastern District of New York propose centralization there. Additionally, plaintiffs in three potential tag-along actions in the Eastern District of Louisiana request centralization in that district, while the plaintiff in a Northern District of California potential tag-along action requests centralization in the Northern District of California. Finally, a large number of plaintiffs request, in the alternative, centralization in various districts, including the Northern District of Alabama, the Northern District of California, the District of Massachusetts, the District of New Jersey, and the Southern District of Mississippi.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All the actions share common factual questions arising out of allegations that plaintiffs

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] The parties have notified the Panel of 119 related actions pending in 16 districts. These and any other related actions are potential tag-along actions. *See* Panel Rule 7.1.

[2] The responding defendants include: Fresenius USA, Inc.; Fresenius USA Manufacturing, Inc.; Fresenius USA Marketing, Inc.; and Fresenius Medical Care Holdings, Inc. (collectively, Fresenius).

-2-

suffered injury or death caused by the use of GranuFlo and/or NaturaLyte products during hemodialysis, which allegedly may cause metabolic alkalosis in patients resulting in low blood pressure, hypokalemia, hypoxemia, hypercapnia, cardiac arrhythmia, or cardiopulmonary arrest. All the actions involve factual questions relating to whether GranuFlo and NaturaLyte were defectively designed or manufactured, whether Fresenius, the manufacturer of these dialysate products, knew or should have known of the alleged propensity of these products to cause injury, and whether it provided adequate instructions and warnings with these products. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, the District of Massachusetts stands out as an appropriate transferee forum. Four of the eleven actions on the motion are pending in this district, as are another twenty-seven related actions. The district is favored both by Fresenius and by numerous plaintiffs. It has a nexus to this nationwide litigation given that Fresenius is headquartered in Waltham, Massachusetts, and relevant witnesses and documentary evidence common to all the actions are likely to be found there. Additionally, at the hearing, the parties informed the Panel that there are over seventy actions pending in Massachusetts state court, and centralization in the District of Massachusetts likely will facilitate coordination with the pending state litigation. We are convinced that the District of Massachusetts has the necessary judicial resources and expertise to efficiently manage this litigation, and, by selecting the Honorable Douglas P. Woodlock to preside over this litigation, we are selecting a jurist with the willingness and ability to handle this litigation, but who is not presently presiding over other multidistrict litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

| W. Royal Furgeson, Jr. | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | |

IN RE: FRESENIUS GRANUFLO/NATURALYTE
DIALYSATE PRODUCTS LIABILITY LITIGATION                MDL No. 2428

## SCHEDULE A

<u>Southern District of Florida</u>

Gloria Washington Smith, etc. v. Fresenius USA, Inc., et al., C.A. No. 1:12-23634

<u>Middle District of Georgia</u>

Melissa Mott Harvey, etc. v. Fresenius Medical Care Holdings Inc., et al.,
C.A. No. 4:12-00328

<u>Northern District of Georgia</u>

Antonio McCollum, et al. v. Fresenius Medical Care Holdings, Inc., et al.,
C.A. No. 1:12-04158

<u>Southern District of Georgia</u>

Waddell Bishop, etc. v. Fresenius USA, Inc., et al., C.A. No. 6:12-00086

<u>District of Massachusetts</u>

Patricia Jones, et al. v. Fresenius Medical Care North America Inc., et al.,
C.A. No. 1:12-12022
Edward W. Johnson, etc. v. Fresenius Medical Care North America, Inc., et al.,
C.A. No. 1:12-12295
Stephanie Boone v. Fresenius Medical Care North America, Inc., et al.,
C.A. No. 1:12-12296
Clarence Lee Dubose, Jr., etc. v. Fresenius Medical Care North America, Inc., et al.,
C.A. No. 1:12-12306

<u>Eastern District of New York</u>

Carmen Campbell, et al. v. Fresenius Medical Care Holdings, Inc., et al.,
C.A. No. 1:12-05586
Elizabeth Kirk, et al. v. Fresenius Medical Care Holding, Inc., et al.,
C.A. No. 1:12-05981

<u>Southern District of Ohio</u>

Deborah Swigert, et al. v. Fresenius USA, Inc., et al., C.A. No. 2:12-01046